The opinion of the court was delivered by
White, J.
Plaintiff asks to recover of defendants the sum of ^2030 56, with five per cent interest from July 31, 1874, until paid, as *298 securities on the official bond o£ George G. Ingram, deceased, late school treasurer of the school board, parish of St. Tammany. The bond sued on is for five thousand dollars, and was signed by the defendants as follows: Joseph Oousin, A. G. Schoultz, Charles W. Bradley, N. Page, T. H. Dutseh, Stephen Miseli, W. R. M. Galloway, and W. S. Barker, for the sum of five hundred dollars each, and Harriet Newell for the sum of one thousand dollars, she having signed the bond twice for five hundred dollars. The petition, after reciting the receipt by Ingram as school treasurer and his failure to account, and his having died hopelessly insolvent, asks judgment against Mrs. Newell for one fifth the amount sued for, and against the remainder for one tenth each jointly and severally.
Harriet Newell filed the plea of discussion and a general denial. Subsequently, all the defendants filed the following exceptions :
First. That the court was without jurisdiction ratione materias.
Second. No cause of action.
Third. Prematurity.
1. As to Harriet Newell, the court unquestionably had jurisdiction, and we think equally so as to the other defendants. True, the prayer was for judgment against each for less than five hundred dollars ; but the suit was on the bond, which was for five thousand dollars, and to enforce a liability for a breach of the conditions thereof to the amount of over two thousand dollars. The case comes directly within the reach of Lartigue vs. White, 25 A. 291.
2. The exceptions no cause of action and prematurity, we presume, were intended to cover the same ground, that is, the plea of discussion. Sureties on official bonds are entitled to discussion. R. S. 354. The plaintiff averred that the principal had “departed this life hopelessly insolvent, not possessed of any thing out of which” the sum due could be made by judicial process. The exception admitted the truth of this averment; but we do not think it sufficient to deprive the securities of the benefit of discussion allowed by law. The principal may have died insolvent and not possessed of property, and yet ample means be in existence from which to make the judgment before resorting to the sureties. The law provides for and the petition averred the recording of the bond in the proper mortgage book, and when so recorded it operates a mortgage upon the property of the principal therein. For the greater security of these bonds the law lias seen proper as it were to write on them a sweeping clause, de non alienando, as provided in 354 R, S., which says : “ Whenever an execution shall issue it shall be lawful for the officer to whom it may be directed to seize and sell according to law any lands which may have belonged to the principal obligor at the date of the registry of his official bond, without regard to any subse *299 quent transfer or change of title, and in whatever hands the same shall be found.” * * * *.
Applying this provision, it is obvious that the insolvency of the debtor and his not possessing property was not a sufficient averment to deprive the surety of the right of discussion ; even if such right can as to a surety on an official bond be negatived by averments complete enough to import fully the fruitlessness of an attempted discussion — as to which we express no opinion.
Judgment affirmed.